# NO. 12-10-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL BLANKENSHIP,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of possession of a controlled substance, and sentence was imposed on March 31, 2010.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant filed a motion for new trial on May 7, 2010, which was untimely. *See* TEX. R. APP. P. 21.4(a) (motion for new trial to be filed no later than thirty days after trial court imposes sentence in open court). Therefore, Appellant's notice of appeal was due to have been filed on or before April 30, 2010. However, Appellant did not file his notice of appeal until June 9, 2010 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On June 16, 2010, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would

be dismissed unless, on or before June 28, 2010, the information filed in this appeal was amended to show the jurisdiction of this court.

On June 17, 2010, Appellant's counsel forwarded this court a copy of a letter dated April 24, 2010, written by Appellant to the trial court. In the letter, Appellant stated that he "was recently convicted on this case by a jury in your court and I would like to appeal this conviction. . . ." The file mark indicates that the letter was received by the trial court on May 6, 2010. Counsel asserts that this is Appellant's notice of appeal and that counsel prepared a formal notice of appeal after receiving the letter from the trial court.

To perfect an appeal in a non-death penalty criminal case, the appellant must timely file a written notice of appeal with the trial court clerk. TEX. R. APP. P. 25.2(b), (c)(1). Here, Appellant sent a letter directly to the trial court expressing his desire to appeal. The letter was file marked as received by the trial court six days after Appellant's notice of appeal was due. Nothing in the record before us indicates that Appellant filed a notice of appeal with the trial court clerk within the time permitted by the rules of appellate procedure.

There is no provision in rule 25.2 or in the interpretive case law permitting jurisdiction to attach when the notice of appeal is sent to the trial court but not filed with the trial court clerk. *See* ***Brandon v. State***¸ No. 07-04-00551-CR, 2005 WL 884937, at *1 (Tex. App.–Amarillo 2005, no pet.) (mem. op., not designated for publication) (declining to hold that because district clerk is agent of trial court, trial court must actually be principal and therefore delivery of notice of appeal to trial court sufficient to invoke appellate court's jurisdiction); ***Miller v. State***, No. 10-03-00089-CR, 2003 WL 21666086, at *1 (Tex. App.–Waco 2003) (mem. op., not designated for publication), *aff'd*, No. PD-1675-0303, 2005 WL 2763830 (Tex. Crim. App. Oct. 26, 2005) (unpublished) (delivering notice of appeal to trial judge not sufficient to invoke jurisdiction of appellate court). And even if Appellant's letter to the trial court would otherwise be sufficient to invoke this court's jurisdiction, the letter was untimely filed. Moreover, the subsequent notice of appeal, filed with the trial court clerk by Appellant's counsel on June 9, 2010, was untimely and therefore does not invoke this court's jurisdiction. Consequently, we do not have jurisdiction of the appeal.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. *See* ***Slaton v. State***, 981

S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)